(74 South. 791)

No. 21020.

GOVERNALE v. INTERSTATE FIRE INS. CO. OF BIRMINGHAM, ALA.

(March 12, 1917. Rehearing Denied April 16, 1917.)

*(Syllabus by the Court.)*

INSURANCE ☞335(3)—POLICY—INVALIDATION.
    The removal by the insured of a considerable portion of the stock of merchandise covered by the policy of fire insurance, to another place of business, conducted by him, and his failure to have the transaction entered in due course on his books of account, will render the policy null and void.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 853.]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Frank Governale against the Interstate Fire Insurance Company of Birmingham, Ala. From a judgment for defendant, plaintiff appeals. Affirmed.

W. S. Lewis and Geo. J. Gulotta, both of New Orleans, for appellant. John C. Hollingsworth and Joseph Killeen, both of New Orleans, for appellee.

LAND, J. Plaintiff sued the defendant on a policy of fire insurance of date May 15, 1912, to recover the sum of $3,400, with the statutory penalty of 12 per cent., and a reasonable attorney fee, for alleged loss sustained by reason of the total destruction by fire, on August 18, 1912, of his certain stock of merchandise, furniture, and fixtures contained in the premises, No. 1782 Dorgenois street, city of New Orleans.

The special defenses set up by the defendant may be briefly stated as follows:

"(1) That the hazard was increased by the fact that there was contained in the premises, turpentine, kerosene and several 'set-ups,' the latter being composed of paper, excelsior, and cotton wadding saturated with kerosene, and highly inflammable. That the insured had complete control of the premises, and the presence of this inflammable material thereon, constituted an increase of the hazard within the control and knowledge of the insured.

"(2) That the insured was guilty of fraud and false swearing in grossly exaggerating his loss in the proofs furnished to the defendant.

"(3) That the insured violated the iron-safe clause of the contract of insurance by his failure to keep a set of books which would be a complete and correct record of the business transacted by him on the premises described in the policy."

The cause was tried on its merits, and judgment was rendered in favor of the defendant. Plaintiff has appealed.

We have no means of knowing whether the judge below sustained all three or only one of the special defenses set up by the defendant company.

The plaintiff could not read or write. He had learned to sign his name mechanically. He could make figures, and add simple sums.

Plaintiff employed a bookkeeper who opened his books, and came to his store about once a week to make entries in them. The bookkeeper testified that he made entries in the cashbook from slips, which the plaintiff left in the safe, and that after making the entries he destroyed the slips.

Plaintiff could not write, and therefore could not keep a record of his sales and other business transactions. We assume that the plaintiff made figures on each slip representing the total of each day's sales.

But plaintiff failed to have made, and preserved, original entries showing the sales of merchandise made during each day. In the absence of such entries it is impossible to check and probe the entries in the cashbook of total sales for each day.

Such entries as "Mdse. Cash Sale $45.05" convey no information as to the kind, quantity, or price of the merchandise sold.

But a more vital objection is that two considerable invoices of goods were taken by plaintiff out of the insured stock and carried to another bar and grocery store owned by the plaintiff in the same section of the city.

This transaction was never entered on the plaintiff's books, but the omission was later attempted to be supplied by pasting two slips in the ledger. The bookkeeper testified that he knew nothing of this pasting. Plaintiff testified that one of these slips was copied by the bookkeeper from an old paper after the fire, and that he does not know whether the other slip was written before or after the fire.

The two slips total $418.90 of merchandise admittedly taken and removed from the insured stock to the other grocery store of the plaintiff, while the deputy fire marshal and his appraiser, after the fire, found merchandise to the amount of $597.70 in the latter store, which had been removed from the insured stock on Dorgenois street.

The second paragraph of the iron-safe clause of the policy sued on reads:

"The assured will keep a set of books, which shall clearly and plainly present a complete record of business transacted, including all purchases, sales and shipments, both for cash and credit, from date of inventory, as provided for in first section of this clause and during the continuance of this policy."

The removal of a considerable portion of the insured stock as above stated had the same effect as a sale or shipment; and, as the transaction was not in due course entered on the books of the plaintiff, the policy, as stipulated, became null and void.

This conclusion renders it unnecessary to consider the other special defenses urged by the defendant.

Judgment affirmed

SOMMERVILLE, J., concurs.